IN THE
UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,                    CASE NO.: 13-13871-F
                                             LT No.: 07-CR-60172-JAL
vs.


PATRICK COULTON

vs.


EMMANUEL ROY,

        Appellant.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━/


_____
ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

## INITIAL BRIEF OF THE APPELLANT
_____

Respectfully submitted,
ENTIN & DELLA FERA,  P.A.
110 Tower, Suite 1970
110 Southeast Sixth Street
Fort Lauderdale, FL 33301
Telephone:  (954) 761-7201

RICHARD F. DELLA FERA
Florida Bar No. 066710
Attorney for Appellant

IN THE
UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,                    CASE NO.: 13-13871-F
                                             LT No.: 07-CR-60172-JAL
vs.

PATRICK COULTON

vs.

EMMANUEL ROY,

       Appellant.
_____/
_____

CERTIFICATE OF INTERESTED PERSONS AND

CORPORATE DISCLOSURE STATEMENT

_____

A.    <u>Corporate Disclosure Statement</u>

This appeal does not involve a non-governmental corporate defendant.  There

are no parent companies, subsidiaries, or affiliate companies that have issued shares

to the public.

B.    <u>Certificate of Interested Persons</u>

Hon. Joan A. Lenard, U.S. District Court Judge

Hon. William C. Turnoff, U.S. Magistrate Judge

Donald F. Chase, II, Esq., AUSA

Joanne Fine, Esq., AUSA

William H. Beckerleg, Jr., Esq., AUSA

Brent Tantillo, Esq., AUSA

Robin W. Waugh, Esq., AUSA

Kathleen Salyer, Esq., AUSA

Emmanuel Roy, Appellant

Richard F. Della Fera, Esq., Trial and Appellate Counsel for Appellant

Patrick Coulton, Co-Defendant, Pro Se

Daniel Ecarius, Esq., Trial Counsel for Co-Defendant Coulton

Megan Renee Renze, Esq., Trial Counsel for Co-Defendant Coulton

Paul Domenic Petruzzi, Esq., Trial Counsel for Co-Defendant Coulton

Peter U. Mayas, Co-Defendant, Pro Se

Richard O. Dansoh, Esq., Trial Counsel for Co-Defendants Mayas and Roy




    /s/Richard Della Fera



iii

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument is necessary in this appeal in order to fully illuminate the facts and applicable law in this case.

## <u>CERTIFICATE OF TYPE SIZE AND STYLE</u>

Appellant hereby certifies that this brief is presented in 14 point Times New Roman type.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ii, iii

STATEMENT REGARDING ORAL ARGUMENT iv

CERTIFICATE OF TYPE SIZE AND STYLE v

TABLE OF CONTENTS vi

TABLE OF CITATIONS viii, ix

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW 2

STATEMENT OF THE CASE 3

STATEMENT OF STANDARD OF REVIEW 10

SUMMARY OF THE ARGUMENT 11

ARGUMENT 12

    I.  THE DISTRICT COURT ERRED IN DENYING ROY'S
        MOTION TO STAY THE PROCEEDINGS IN VIOLATION
        OF 11 U.S.C. § 362(a). 12

    II. THE DISTRICT COURT ERRED IN IMPOSING SANCTIONS
       AGAINST ROY PURSUANT TO ITS INHERENT
    POWERS TO VINDICATE ITS AUTHORITY 16

CONCLUSION 18

CERTIFICATE OF SERVICE 19

CERTIFICATE OF WORD COUNT 19

## <u>TABLE OF CITATIONS</u>

<u>Cases</u>                                                                                           <u>Page</u>

*Barnes v. Dalton*, 158 F.3d 1212 (11th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . .  10

*Campos v. City of Naples*, 202 Fed. Appx. 381, (11th Cir. 2006). . . . . . . . . . . . .  16

*Carver v. Carver*, 954 F.2d 1573 (11th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . .  12

*Chambers v. NASCO,* 501 U.S. 32, 111 S. Ct. 2123 (1991). . . . . . . . . . . . . . . . . .  10

*Citronelle-Mobile Gathering, Inc. V Watkins*, 943 F.2d 1297 (11th Cir. 1991) . .  10

*In re Berg*, 230 F.3d 1165 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*In re Goodman*, 277 B.R. 839 (Bankr. M.D. Ga. 2001). . . . . . . . . . . . . . . . . . . . .  15

*In re Long*, 318 Fed. Appx 891 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*In re Wright*, 75 B.R. 414 (Bankr. M.D. Fla. 1987). . . . . . . . . . . . . . . . . . . . . . . .  12

*J4 Promotions, Inc. v. Splash Dogs, LLC*, 2010 U.S. Dist LEXIS 60590 (S.D. Ohio
May 25, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*Jove v. Eng'g, Inc.  I.R.S.*, 92 F.3d 1539 (11th Cir. 1996). . . . . . . . . . . . . . . . . . .  10

*Martin v. Automobili Lamborghini Excl, Inc.*, 307 F.3d 1332 (11th Cir. 2002). . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16, 17, 18

 *Miller v. Kelley*, 2011 U.S. Dist. LEXIS 127879. . . . . . . . . . . . . . . . . . . . . . . .  14*,* 15

*Rogers v. Overstreet (In the Matter of Rogers)*, 164 B.R. 382, (Bankr. N.D. Ga.
1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

*Safety-Kleen, Inc., (Pinewood) v. Wyche*, 274 F.3d 846 (4th Cir. 2001). . . . . . . . .  14

*Schwartz v. Millon Air Co.*, 341 F.3d 1220 (11th Cir. 2003). . . . . . . . . . . . . . . . .  16

*U.S. Int'l Trade Comm'n v. Jaffe*, 433 B.R. 538 (Bankr. E.D. Va. 2010). . . . . . .  13

*United States v. Nicolet*, 857 F.2d 202 (3rd Cir. 1984). . . . . . . . . . . . . . . . . . . . . .  14

## <u>Other Authorities</u>                                                   <u>Page</u>

11 U.S.C. § 362 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 11, 15

11 U.S.C. § 362 (b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11, 14

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

28 U.S.C. § 1367(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

28 U.S.C. § 1927. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This Court has jurisdiction as an appeal taken from a final order of the District

Court for the Southern District of Florida pursuant to 28 U.S.C. § 1291.

## <u>STATEMENT OF THE ISSUES PRESENTED FOR REVIEW</u>

The district court erred in denying Roy's motion to stay the proceedings in direct violation of 11 U.S.C. § 362(a).

The district court erred in imposing sanctions against Roy pursuant to its inherent powers to vindicate its authority.

## STATEMENT OF THE CASE

### PROCEEDINGS BELOW AND FACTS UPON WHICH THIS APPEAL IS BASED

A sealed indictment was returned on June 28, 2007 charging Patrick Coulton ("Coulton") with various drug and money laundering offenses. [D.E. 3]. Coulton was arrested on March 12, 2008 and the indictment was unsealed. [D.E. 10, 19]. On March 24, 2008, Peter Mayas, Esq. ("Mayas") entered a Notice of Appearance on behalf of Coulton [D.E. 41] and Emmanuel Roy ("Roy") made an appearance on March 26, 2008. [D.E. 42]. Coulton pled guilty on May 14, 2008 [D.E. 63] and was sentenced to 168 months' imprisonment on July 28, 2008. [D.E. 96].

On September 23, 2010, Coulton filed a Motion for Return of Unearned Legal Fees and Imposition of Sanctions with Request for Evidentiary Hearing. [D.E. 167]. The filing of the aforementioned motion invoked the Court's ancillary jurisdiction pursuant to 28 U.S.C. § 1367(a). The district court set the matter for hearing on November 15, 2010 [D.E. 178]. When neither Roy nor Mayas appeared, the court reset the hearing to ensure they both received proper notice. [D.E. 181]. The court also instructed Coulton's current counsel, Paul D. Petruzzi, Esq. ("Petruzzi"), to ensure both Roy and Mayas were properly served with a copy of Coulton's motion and the court's order resetting the hearing for January 14, 2011. [D.E. 182]. Roy and Mayas were further given until January 4, 2011 to file a written response to Coulton's

3

motion. *Id*. On January 4, 2011, Petruzzi filed a notice of compliance, indicating he served Roy through his current counsel and Mayas via e-mail. [D.E. 185].

The court held the evidentiary hearing on January 14, 2011. [D.E. 186]. Neither Roy nor Mayas appeared and no responses were filed to Coulton's motion. *Id*. On September 16, 2011, Magistrate Judge William C. Turnoff entered an Order granting Coulton's Motion for Return of Unearned Legal Fees and Imposition of Sanctions with Request for Evidentiary Hearing ("the Order"). [D.E. 196]. The Order entered judgement in favor of Coulton in the amount of $275,800.00, representing unearned legal fees paid to former counsel, Roy and Mayas, with statutory interest from the date of judgment, requiring the return of all property and imposing sanctions. *Id*. In addition, Roy and Mayas, and their law firms, were held in contempt of court based on a finding of willful, deliberate, and fraudulently contemptuous conduct warranting the imposition of sanctions pursuant to 28 U.S.C. § 1927. *Id*.

On January 27, 2012, Coulton filed a Motion for Contempt (the "Motion") [D.E. 199] and a hearing was set for March 29, 2012. [D.E. 201]. Because neither Roy nor Mayas were properly served with the Motion or the notice of hearing, the matter was reset for May 31, 2012, and Coulton was ordered to serve Roy and Mayas. [D.E. 202, 203]. Roy did not appear on May 31, 2012 and matters related to his alleged contempt

were reset for July 6, 2012. [D.E. 212]. When Roy did not appear on July 6, 2012, the district court issued a bench warrant for Roy's arrest. [D.E. 232].

Once advised of his arrest, Roy's initial appearance was set for August 9, 2012. [D.E. 250]. At the hearing, a bond was set for Roy, the contempt proceedings were reopened and the contempt hearing was reset for August 16, 2012. [D.E. 253 and 259]. Also during the hearing on August 9, 2012, the district court took testimony from Roy relating to his financial condition. [D.E. 253]. Specifically, Roy testified under oath that he was not employed and that the last time he earned wages, money or a fee was approximately two years ago. *Id.* at 14. Roy testified that he received support from his family and that his privately retained counsel in New York was being paid for by his sister, who was unable to do the same in Florida. *Id.* Roy testified he did not have any houses, cars, boats or trucks. *Id.* at 15. He did not have any bank accounts, jewelry, property or assets and no one was holding anything of value for him. *Id.* Roy testified that he was "penniless." *Id.*

On August 16, 2012, the court reset the final evidentiary hearing on Coulton's Motion for September 4, 2012. [D.E. 264].

On August 29, 2012, consistent with his earlier testimony, Roy filed a Suggestion of Bankruptcy, indicating a Petition for Bankruptcy had been filed in the Eastern District of New York on August 28, 2012. [D.E. 274]. To that end, on

September 3, 2012, Roy filed a Motion to Enforce the Automatic Stay Provisions of 11 U.S.C. § 362(a). [D.E. 277].  The district court did not enter an order and on September 4, 2012, the final evidentiary hearing was held. [D.E. 279].  During the hearing, Coulton presented the testimony of several witnesses.  *Id*.  Roy introduced documentary evidence but chose to assert his Fifth Amendment right and declined to answer Coulton's questions.  *Id*.  Additionally, Roy presented evidence that he filed a Petition for Bankruptcy in the Eastern District of New York and moved for an enjoinment of the proceedings.  *Id*.  Once Roy indicated he did not have an ability to comply with the court's order, the burden shifted back to Coulton to prove otherwise. The first witness presented by Coulton was Ingrid Hendricks.  *Id.*  Although she testified at length about assets allegedly in Roy's possession, she was unable to identify any in his possession as of September 16, 2011.  She referred to a ring on that Roy allegedly gave to his mother-in-law, but identified it as of 2008. *Id.* at 116.  She was unable to identify its location as of 2011.  *Id.*  In fact, the witness had not been in contact with Roy since at least the summer of 2011.  *Id.*  She knew of no property, jewelry or other asset being hidden, sold, bought or otherwise since September of 2011.  *Id.* at 117.

Although Coulton offered the testimony of several more witnesses during the hearing, not a single one could attest to the fact that Roy has the present financial

means to comply with the Order of the court. Coulton presented Richard Cramer ("Cramer"), one of Roy's alleged business partners. *Id.* at 93. Mr. Cramer testified that C.R. America, a company formed by Roy and Cramer, had to date, only earned $7,000.00. *Id.* He further testified that of that $7,000.00, Cramer himself withdrew the entire amount as reimbursement for monies he lent to C.R. America. *Id.* C.R. America, as stated by Cramer, lost money and the shares issued to the various investors were worthless. *Id.* at 100. Cramer testified that although there was a potential deal on the horizon, he could not say that it was ever funded. *Id.* at 98. He also admitted that C.R. America currently had no business prospects. *Id.* at 101. Finally, Cramer could only offer that Roy wanted to rent his apartment in New York, but that he visited it, but he never met or saw a tenant in the unit. *Id.* at 99-100.

Coulton's next witness, Rene Ann Martin Hasler ("Hasler"), testified that there was a Mercedes in question, but it was her automobile, and it was used as a business asset of C.R. America. *Id.* at 113, 177. She testified that in April of 2012, she paid for Roy's airfare to Haiti and that he had not paid her back. *Id.* at 125-26. She testified that she invested $10,000.00 - $15,000.00 of her own money into C.R. America. *Id.* at 130. Hasler paid for tickets, hotels, and rental cars for Cramer and Roy in connection with C.R. America. *Id.* at 130-31. Similar to Cramer, she testified that Roy indicated he wanted to rent his apartment in New York, but she never met a

tenant and he never told her he found a renter. *Id.* at 153-54. Hasler paid $5,000.00 to get Roy's book published, but Roy paid nothing. *Id.* at 160. To date, only one copy of Roy's book had been sold. *Id.* at 182. In regard to C.R. America bank accounts, Hasler testified that there was only one active account located at Bank of America, with a balance of $2.16. *Id.* 175-76. Although Roy had a debit card issued to him, he never had access to it. *Id.*

The last witness presented by Coulton was Mayas. Mayas did not know the current location of the Porsche allegedly taken by Roy. *Id.* at 225. He did not know the status of the real estate previously owned by Coulton. *Id.* Mayas testified that he was given a bag by DEA agents containing property of Coulton's. *Id.* He testified that Roy dumped the contents of the bag on Mayas' table, and then Mayas went upstairs. *Id.* He didn't remember a gold pendant being in the bag. *Id.* Their foreclosure business never took off, and they were never paid. *Id.* at 230-31.

Upon the conclusion of the hearing, the parties filed their respective post-hearing memoranda and on February 1, 2013, the court entered its Report and Recommendation ("R&R"). [D.E. 294]. The R&R recommended Coulton's Motion be granted in part and denied in part and Roy be sanctioned pursuant to the district court's inherent powers. *Id.* at 36. Further, it was recommended that "[t]he sanctions imposed by the Court against Roy... in vindication of its authority shall consist of an

award to Coulton of all the attorney's fees and costs, with any and all applicable interest, that have been incurred with these contempt proceedings since the filing of the Motion for Contempt" and that "any judgment entered based upon these sanctions not be dischargeable in bankruptcy proceedings according to the applicable law." *Id*. Roy filed his objections to the R&R on February 18, 2013. [D.E. 296].

On February 28, 2013, Coulton filed a Notice of Waiver of Attorney Fees wherein he "waive[d] all attorney's fees that have been incurred in connection with these ancillary proceedings" since the filing of the Motion insofar as Coulton was not charged any fees by Petruzzi. [D.E. 297]. In lieu of monetary sanctions, Coulton requested Roy and Mayas be required to perform community service. *Id*. The district court then ordered Roy and Mayas to file a response to Coulton's notice on or before April 30, 2013. After responses were filed, on May 10, 2013, the court filed its Order adopting the R&R and directing Coulton to submit his attorney's fees and costs within ten (10) days. [D.E. 305]. On May 20, 2013, Coulton filed his notice of compliance [D.E. 308] and a Final Judgment on Attorney's Fees and Costs was entered on August 26, 2013. [D.E. 313].

A timely notice of appeal was filed by Roy on August 27, 2013. [D.E. 314].

9

**STATEMENT OF STANDARD OF REVIEW**

This Court reviews civil contempt orders for abuse of discretion, *see Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1545-46 (11th Cir. 1996), and findings of fact arising out of contempt proceedings under the clearly erroneous standard. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991).

A district court's imposition of sanctions is reviewed for abuse of discretion. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55, 111 S. Ct. 2123, 2138 (1991)).

## SUMMARY OF THE ARGUMENT

The district court erred in denying Roy's motion to stay the proceedings in direct violation of 11 U.S.C. § 362(a).  Although criminal proceedings are generally allowed to proceed after the filing of a bankruptcy petition in accordance with 11 U.S.C. § 362(b), the proceeding below was a proceeding that was civil in nature and, as such, subject to the automatic stay pursuant to 11 U.S.C. § 362(a).

The district court erred in imposing sanctions against Roy pursuant to its inherent powers.  The district court erroneously concluded Roy actively avoided the contempt proceedings although there were several hearings reset by the court for an inability to confirm proper service.  Furthermore, the court erred in failing to consider Roy's financial circumstances before imposing sanctions.

**ARGUMENT**

I.  **THE DISTRICT COURT ERRED IN DENYING ROY'S MOTION TO STAY THE PROCEEDINGS IN DIRECT VIOLATION OF 11 U.S.C. § 362(a).**

The filing of a bankruptcy petition operates as an automatic stay of the "continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before" the bankruptcy petition was filed. 11 U.S.C. § 362(a)(1). This effectively requires that "all proceedings against the debtor or debtor's property are stayed during the pendency of the bankruptcy proceedings." *Carver v. Carver*, 954 F.2d 1573, 1576 (11th Cir. 1992) (emphasis in original). Although criminal proceedings are generally allowed to proceed after the filing of a bankruptcy petition in accordance with 11 U.S.C. § 362(b), this action below was a proceeding that was civil in nature and as such, subject to the automatic stay. "A civil contempt order is compensatory and coercive whereas a criminal contempt order is punitive. Whether the award directly serves the complainant rather than public interest and whether the contemnor may control the extent of the award are relevant distinctions between civil and criminal contempt." *Id.* Civil contempt proceedings are instituted primarily on the motion of the plaintiff and are part of the underlying action. *In re Wright*, 75 B.R. 414 (Bankr. M.D. Fla. 1987).

In incorrectly determining that the automatic stay did not apply to the underlying proceeding, the district court relied on the Ninth Circuit's decision in *In*

*re Berg*, 230 F.3d 1165 (9th Cir. 2000). [DE 294 at 20]. The *Berg* decision, however, involved a debtor who filed a bankruptcy petition to avoid a contempt sanction for improper conduct after filing a frivolous appeal under Federal Rule of Appellate Procedure 38. *Id*. This was a narrow decision that does not apply to Roy. To the contrary, in *In re Long*, 318 Fed. Appx. 891, 893-94 (Fed. Cir. 2008), the Court of Appeals for the Federal Circuit reversed an award of attorney's fees imposed in connection with a judgment creditor's motion to compel discovery after the judgment debtor had filed a bankruptcy petition. Next, in *J4 Promotions, Inc. v. Splash Dogs, LLC*, 2010 U.S. Dist. LEXIS 60590 (S.D. Ohio May 25, 2010), the court declined to impose sanctions in violation of an automatic stay, noting that the automatic stay precludes the continuation of contempt sanctions and the only exceptions generally have arisen in the context of the filing of frivolous lawsuits or appeals. *Id*. at *21. Neither has occurred here.

Roy maintains that the sanctions imposed by the district court are void *ab initio* pursuant to 11 U.S.C. § 362 (b)(4). In *U.S. Int'l Trade Comm'n v. Jaffe*, 433 B.R. 538 (Bankr. E.D. Va. 2010), the court held that, "by its plain terms, the police and regulatory power exception to the automatic stay applies only where (1) the action is brought by the government, and (2) the action seeks to vindicate the public interest, as opposed to a specific individual's or entity's rights." (Emphasis added); *see also*

*United States v. Nicolet*, 857 F.2d 202, 207 (3rd Cir. 1984)("Congress recognized ... that the stay provision was particularly vulnerable to abuse by debtors seeking refuge under the stay in an effort to frustrate necessary government functions. To combat the risk that the bankruptcy court would become a sanctuary for environmental wrongdoers, among others, Congress enacted the police and regulatory power exception to the automatic stay").

Here, the subject action was not brought by the government; it was brought by Defendant Coulton.  However, if the Court were to proceed to analyze the second question, courts have held that if the state is enforcing a law whose purpose "is to promote public safety and welfare, or to effectuate public policy, then the exception applies." *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 865 (4th Cir. 2001) (citations omitted).  On the other hand, the *Wyche* court continued, if "the purpose of the law relates to the protection of the government's pecuniary interest in the debtor's property, or to adjudicate private rights, then the exception is inapplicable." *Id.* (citations omitted).

Currently before the Court is the review of a lower court's imposition of sanctions in an action brought by an individual to vindicate individual rights. Consequently, the exceptions set forth in 11 U.S.C. § 362(b) are inapplicable.  For example, in *Miller v. Kelley*, 2011 U.S. Dist. LEXIS 127879, *9 (W.D. Virginia Nov.

14

4. 2011), the court addressed the defendant's motion for attorneys fees based, in part, on the seven other pro se lawsuits filed by the plaintiff against her, all allegedly filed in bad faith and based on the plaintiff's request for a voluntary dismissal on the eve of trial. Because the plaintiff filed a bankruptcy petition, the court examined the application of 11 U.S.C. § 362(b)(4). *Id*. at *8. The *Miller* court found it was bound by the terms of the automatic stay and, thus, unable to construe the defendant's motion as an action brought by the government to vindicate the public interest because, at its heart, it was brought by an individual to vindicate her individual rights. *Id*. at *9. Roy submits the district court was similarly bound by 11 U.S.C. § 362(a) and thus, the sanctions imposed were in violation of the automatic stay.

However, if this Court was to accept the proposition that the proceeding below was based upon Roy's disregard for the authority of the Court, the warrant issued by the district court was issued to assist in enforcing the judgment lodged against Roy, which was subject to the automatic stay. *Rogers v. Overstreet (In the Matter of Rogers)*, 164 B.R. 382, 391-92 (Bankr. N.D. Ga. 1994). These purposes were and remain inextricably intertwined and cannot be severed. Thus, even if a warrant was based on a debtor's disrespect of a court order, it is still subject to the automatic stay when it is also being used as a collection device. *See In re Goodman*, 277 B.R. 839 (Bankr. M.D. Ga. 2001).

For the aforementioned reasons, the district court erred in imposing contempt sanctions against Roy in violation of the automatic stay as a result of Roy's New York bankruptcy filing.  As such, the district court's imposition of sanctions must be vacated.

## II.    THE DISTRICT COURT ERRED IN IMPOSING SANCTIONS AGAINST ROY PURSUANT TO ITS INHERENT POWERS TO VINDICATE ITS AUTHORITY.

When a district court relies upon its inherent power to sanction a party before it, it must proceed cautiously and with "restraint and discretion."  *Schwartz v. Millon Air Co.*, 341 F.3d 1220, 1225 (11th Cir. 2003).  The award of sanctions under the court's inherent power must "comply with the mandates of due process."  *Campos v. City of Naples*, 202 Fed. Appx. 381, 385 (11th Cir. 2006) (citing *Chambers v. NASCO*, 501 U.S. 32, 49-50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).  This Court has held that when exercising its discretion to sanction under its inherent power, a court must take into consideration the financial circumstances of the party being sanctioned.  *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1337 (11th Cir. 2002).  Sanction orders cannot involve amounts that fly in the face of common sense in relation to the financial circumstances of the party being sanctioned.  *Id*. "What cannot be done must not be ordered to be done."  *Id*. (citing *Miccosukee Tribe v. South Florida Water Management District*, 280 F.3d 1364, 1370 (11th Cir. 2002)).  "And,

16

sanctions must never be hollow gestures; their bite must be real. For the bite to be real, it has to be a sum that the person might actually pay. A sanction which a party clearly cannot pay does not vindicate the court's authority because it neither punishes nor deters." *Id*.

In fashioning its award of attorneys's fees incurred by Coulton[1], the district court failed to take into consideration the financial situation of Roy.  At his initial appearance, Roy testified under oath that he was "penniless." [D.E. 253 at 15].  During the final hearing on Coulton's Motion for Contempt, Roy asserted he was unable to comply with the court's September 16, 2011 Order, and Coulton could not overcome his burden to prove otherwise. [D.E. 279].  In its R&R, the court agreed "albeit reluctantly, that none of the testimony elicited by Coulton established conclusively that Roy had the present ability to comply with the financial obligations of the Court's September 16, 2011 Order." [D.E. 294 at 29].  Based on the court's own factual determinations, it could not impose sanctions against Roy pursuant to its inherent powers.

In *Martin,* the district court imposed a $1.5 million dollar sanction against two defendants, jointly and severally.  *Martin, supra*, at 1337-8.  Because one of the

---

[1]In *In re: Hedetneimi*, 297 B.R. 837, 843 (Bankr. M.D. Fla. 2003), the court denied awarding attorney's fees where the moving party had pro bono representation and was thus, not responsible for the payment of attorney's fees.

defendants showed a gross income of $43,700.00, this Court, in part, remanded the case for a determination of the amount each defendant was to pay, *taking into consideration the person's ability to pay*. *Id*. at 1338 (emphasis added).

The filing of a Petition for Bankruptcy evidenced the poor state of Roy's financial affairs, as did the testimony elicited throughout the duration of the proceedings below. Because the district court's sanction order involved an amount that flew "in the face of common sense in relation to the financial circumstances" of Roy, the order imposing sanctions must be vacated and the case remanded.

## CONCLUSION

**WHEREFORE**, Appellant, EMMANUEL ROY, respectfully requests that this Court vacate the order imposing sanctions and remand for further proceedings.

Respectfully Submitted,

Richard Della Fera, Esquire
110 SE 6th Street, Suite 1970
Ft. Lauderdale, Florida 33301
Phone: 954-761-7201
Facsimile: 954-764-2443
Richard@entinlaw.com

By:_____/s/_____
Richard Della Fera, Esquire
Florida Bar No. 066710

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing to all counsel of record, and deposited a copy of the foregoing by United States mail, with adequate postage thereon, to Kathleen Salyer, Esquire, United States Attorneys Office, 99 NE 4th Street, Miami, Florida, 33132 and Paul Dominic Petruzzi, Esquire, Alfred I. Dupont Building, 169 East Flagler Street, Suite 1241, Miami, Florida 33131.

*/s/ Richard Della Fera*

## CERTIFICATE OF WORD COUNT

I certify that this brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B)(I).  This brief contains 3,660 words.

*/s/ Richard Della Fera*