## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

### CASE NO. 13-13871-F
_____

### UNITED STATES OF AMERICA,

**v.**

### PATRICK COULTON
*Appellee,*

**v.**

### EMMANUEL ROY
*Appellant.*

_____

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

### APPELLEE'S BRIEF

**PAUL PETRUZZI, ESQ.**
**FLORIDA BAR NO. 982059**
**169 E. FLAGLER ST., STE. 1241**
**MIAMI, FL 33131**
**TELEPHONE: (305) 373-6773**
**FACSIMILE: (305) 373-3832**
**E-MAIL: petruzzi-law@msn.com**

**Counsel for Appellant**
**PATRICK COULTON**

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

### Case No. 13-13871-F

Appellee, PATRICK COULTON, hereby files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Circuit Rule 26.1.

Hon. Joan A. Lenard, U.S. District Court Judge

Hon. William C. Turnoff, U.S. Magistrate Judge

Donald F. Chase, II, Esq., AUSA

Joanne Fine, Esq., AUSA

William Beckerleg, Jr., Esq., AUSA

Brent Tantillo, Esq., AUSA

Robin W. Waugh, Esq., AUSA

Kathleen Salyer, Esq., AUSA

Emmanuel Roy, Appellant

Patrick Coulton, Appellee

Richard F. Della Fera, Esq., Trial and Appellate Counsel for Appellant

Paul Domenic Petruzzi, Trial Counsel for Appellee

Peter U. Mayas, Trial Counsel for Patrick Coulton

Richard O. Dansoh, Esq., Trial Counsel for Mayas and Roy

i

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The Appellee respectfully submits that oral argument is not necessary to the just resolution of this appeal.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  v

STATEMENT OF SUBJECT MATTER AND APPELLATE

JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

     Appellant's Misconduct before the District Court . . . . . . . . . . . . . . . . . 3

     The Initial Contempt Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     The Court Sanctions Appellant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     Appellant Violates the Court's Sanctions Order. . . . . . . . . . . . . . . . . . 7

     The Subsequent Contempt Proceedings  . . . . . . . . . . . . . . . . . . . . . . . . 7

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

**I.     The District Court Properly Denied Appellant's Motion To Stay the Contempt Proceedings Below pursuant to 11 U.S.C Section 362(b)** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**II.    The District Court Correctly Sanctioned Appellant Under its Inherent Supervisory Powers** . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

iv

# **TABLE OF CITATIONS**

## **CASES:**

*Jove Engineering, Inc. v. Internal Revenue Service*,

    92 F.3d 1539 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Citronelle-Mobile Gathering, Inc. v. Watkins*,

    943 F.2d 1297 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Barnes v. Dalton*,

    158 F.3d 1212 (11th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Griggs v. Gadsden Revnue Department*,

    327 Fed. App. 186 (11th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Wild Cats, Inc. v. Blas*, No. 06-22345

    WL 1545876 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Tom Jones James Co. v. Morgan*,

    141 F. App'x 894 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*O'Brien v. Fischel*,

    74 B.R. 546 (D. Haw. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In Re Berg*,

    230 F.3d 1165 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Barash v. Kates*,

    585 F. Supp. 2d 1347 (S.D. Fla. 2006) . . . . . . . . . . . . . . . . . . . . . . . . 16

*Maritan v. Todd*,

     203 B.R. 740 (N.D. Okla. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

*Bettis v. Toys "R" Us*,

     2009 WL 5206192 (S.D.Fla. Dec. 30, 2009) . . . . . . . . . . . . . . . . . . 15

*Hutto v. Finney*,

     437 U.S. 678 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

*Chambers v. Nasco, Inc.*,

     501 U.S. 32 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 16

*Carlucci v. Piper Aircraft Corp.*,

     775 F.2d 1440 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

*In Re Williams*,

     158 B.R. 488 (D. Ida. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Malautea v. Suzuki Motor Company, Ltd.*,

     987 F.2d 1536 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In Re Union Golf of Florida, Inc.*,

     242 B.R. 51 (M.D. Fla. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Brock v. Rusco Industries, Inc.*,

     842 F.2d 270 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

## STATUTORY AND OTHER AUTHORITY:

Fed. R. Crim. Procedure 35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

11 U.S.C. Sec. 362 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11, 12

28 U.S.C. Sec. 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This Court generally has jurisdiction over appeals taken from final orders of the District Court pursuant to 28 U.S.C. § 1291.

## <u>STATEMENT OF THE ISSUES</u>

Whether the district court properly denied Appellant's motion to stay the contempt proceedings against him on the basis that the proceedings were exempt from the automatic stay provisions of 11 U.S.C. § 362(b) as the proceedings were being conducted pursuant to the district court's regulatory authority over Appellant.

Whether the district court properly imposed sanctions against Appellant pursuant to its inherent powers to regulate Appellant's conduct as both an attorney and litigant.

## **STATEMENT OF THE CASE**

This matter concerns Appellant's misconduct while practicing as an attorney before the United States District Court for the Southern District of Florida.  It also concerns the Appellant's conduct after being sanctioned by the court and his response to the court's order of contempt.

### **Appellant's Misconduct before the District Court**

Mr. Coulton was originally charged as a criminal defendant in the case below. (DE 3 and 31).    Mr. Coulton's neighbor referred Appellant, Emmanuel Roy, Esquire, as an attorney experienced in Federal criminal defense.  (DE 193 at 3).  Mr. Coulton retained the Appellant as his counsel.  (DE 193 at 3).  The Appellant obtained payment for his services in the form of jewelry and real property from Mr. Coulton's wife.  (DE 196 at 3).  At the same time, the Appellant received payment by cashier's checks from Mr. Coulton's other family members.  (DE 196 at 3).  Mr. Roy did not inform either side of Mr. Coulton's family that they were each paying him.  (DE 196 at 5).  The Appellant also never told Mr. Coulton or his family that he was not authorized to practice in federal court in the Southern District of Florida. (DE 196 at 8).  In order to make it appear as if he was authorized to practice in the Southern District of Florida the Appellant misappropriated the CM/ECF identification belonging to an acquaintance of his in order to file his notice of

3

appearance. (DE 42) (DE 196 at 7). Despite obtaining in excess of several hundred thousands of dollars in property, jewelry, and cash from the Coulton family, the Appellant also lied to both Mrs. Coulton and the Assistant United States Attorney prosecuting Mr. Coulton in order to take possession of Mrs. Coulton's Porsche Cayenne that had been seized by the Government. (DE 196 at 9). Appellant also engaged in a series of misrepresentations to Mr. Coulton, his family, and the court to carry out his scheme. (DE 196 at 10-12).

In June of 2009, Mr. Roy was charged with 38 violations of attorney disciplinary rules in New York involving fraud, dishonesty, theft from clients, and making material misrepresentations to a court including filing his own false affidavit. (DE 196 at 12) (DE 164). Mr. Roy voluntarily surrendered his law license in New York in February of 2010, and was suspended by the Florida Bar shortly thereafter. (DE 196 at 12) (DE 164). Mr. Roy never advised Mr. Coulton, his family, the Court, or AUSA Fine of any of these events. (DE 196 at 12).

On July 6, 2010, AUSA Fine filed a motion to reduce Mr. Coulton's sentence in light of his cooperation with the government. (DE 153). However, as Mr. Coulton's counsel was non-responsive, a hearing had to be set for the potential appointment of counsel in advance of the Rule 35 hearing. (DE 155 and 156).

Undersigned entered his notice of appearance as counsel for Mr. Coulton on

4

August 12, 2010. (DE 161). After unsuccessful attempts to obtain Mr. Coulton's files from Mr. Roy and Mr. Mayas, (DE 196 at 12), the Rule 35 hearing was conducted and Mr. Coulton's sentence was reduced to 84 months. (DE 184).

### The Initial Contempt Proceedings

On September 23, 2010, the initial contempt proceedings against the Appellant commenced with the filing of Coulton's "Motion for Return of Unearned Legal Fees and Imposition of Sanctions." (DE 167). The District Court originally set the matter for hearing on November 15, 2010. (DE 178). Neither Roy, Mayas, nor anyone representing them appeared at the hearing. (DE 196 at 2). This Court postponed the hearing, ordered undersigned "to take all reasonable steps to ensure that both Roy and Mayas were properly and sufficiently served, by any and all reasonable means, with a copy of the Defendant's Motion and the Court's Order re-setting the hearing for January 14, 2011." (DE 196 at 2). Despite being physically provided with the motion and the order, despite being notified and provided scanned copies of the documents by e-mail, and despite undersigned also providing Roy's New York criminal defense counsel with notice of the scheduled hearing, neither Roy nor Mayas, nor anyone representing them, appeared or filed any response. (DE 196 at 2). The evidentiary hearing was held as scheduled, and the Court took the matter under advisement pending a written order. (DE 196).

5

## The Court Sanctions Appellant

On September 16, 2011, the Court entered a sanctions order holding Appellant in contempt and imposing a variety of sanctions as a result of their "extraordinarily serious" misconduct.  (DE 196 at 29-32).  In imposing sanctions, the Court adopted a "holistic approach" in arriving at a remedy.  (DE 196 at 29).  The court ordered Appellant to fully cooperate with Coulton in his efforts to collect any and all sums owed to him as a result of these [contempt] proceedings,"  (DE 196 at 27); "disgorge" all fees obtained in connection with their misconduct by "return[ing] to Coulton all monies, real property and personal property obtained from Coulton and his family, or its monetary equivalent, in the total amount of $275,800.00, with the statutory interest from the date of Judgment within 10 days of being served with the Court's Order," (DE 196 at 27, 30); "reimburse Coulton for all fees expended to retain substitute counsel, Paul D. Petruzzi, Esq., in the amount of $7,500.00 within 10 days of being served with a copy of the Court's Order,"  (DE 196 at 30); "pay the additional fees and costs associated with litigating the Defendant's motion to refund attorneys fees,"  (DE 196 at 30); and "pay any fees and costs incurred in collecting any and all monetary sums awarded to the Defendant as ordered by the Court if said amounts are not paid in full within 10 days of service,"  (DE 196 at 30).

6

The Court further ordered that, "[i]n the event that [Appellant] did not comply with any of the aforementioned, [he] is further held in contempt and . . . within 10 days of non-compliance," directed to, *inter alia*: "provide current counsel with <u>sworn</u> personal and business financial statements, and (b) file <u>sworn</u> affidavits with the court certifying that they have complied with these requirements" (DE 196 at 30).

## Appellant Violates the Court's Sanctions Order

Appellant was personally served with this Court's sanctions order on October 13, 2011, by the United States Marshals Service.  (DE 199 at 3).  He did nothing it required.  Indeed, he actually undertook a course of conduct designed to thwart it. (DE 199, 202, 203, 206, 212, 217, 222, 239, 282).  He spent months avoiding communications from Coulton, avoiding the service of process, and even ignoring the orders of the court.  (DE 199, 202, 203, 206, 212, 217, 222).  He intentionally divested himself of his assets, he used corporate alter-egos to maintain bank accounts, and he used friends and relatives to hold his assets as nominees.  (DE 282) (DE 294 at 23).

## The Subsequent Contempt Proceedings

On January 27, 2012, Coulton filed a subsequent motion for contempt and sanctions based on Appellant's failure to comply with the court's initial contempt

7

order and its sanctions. (DE 199). The Court set the motion for a hearing, but Coulton was unable to secure the presence of either contemnor. (DE 202). The Court therefore reset the hearing so as to ensure that the contemnors were noticed. (DE 203). Prior to the hearing, Coulton filed a notice, with his counsel's affidavit, advising the Court of his efforts to secure their presence. (DE 206). The evidentiary hearing was thereafter held, over the course of two days, on May 31, 2012, and June 1, 2012. (DE 209 and 210). Although Mayas did appear and he endeavored to explain his conduct, because Roy failed to appear, the Court reset the portion of the contempt hearing concerning his conduct for July 6, 2012, and directed undersigned to ensure that he was noticed. (DE 212).

Thereafter, and because it appeared that Roy was continuing to avoid service, the Court issued an Order directing Roy to appear for the hearing. (DE 217). Roy's pretrial services officer and attorney were provided with a copy of the order to give to him. (DE 232, 233). Nevertheless, despite being on actual notice, despite being ordered to appear by the court, and despite being actually directed by his pretrial services officer to appear on July 6, 2012, pursuant to the Court's order, Mr. Roy failed to do so. (DE 232, 233). As a result, the Court issued a warrant for his arrest. (DE 234). Roy was arrested in New York on July 19, 2012, the public defender was appointed as Roy claimed to be indigent, a bond hearing was held, he was denied

8

bond, and he was thereafter transported to Miami to appear before the Court.  (DE 241).

Following his apprehension, the Appellant participated in hearings conducted on August 9, 2012, August 16, 2012, and September 4, 2012.  (DE 253, 254, 264, 265, 279, and 280).   Several witnesses testified and numerous exhibits were introduced over the course of these hearings.   (DE 253, 264, 265, 279, 280). Coulton also called Appellant as a witness but in response to every single question, Roy asserted his Fifth Amendment privilege and refused to testify.  (DE 294 at 24).

Roy offered no evidence as to the disposition of the money he was given or the property he took.   Testimony and exhibits however show that Coulton's Porsche SUV and townhouse were titled to Roy's wife, Rebecca Newlin Roy, Mrs. Coulton's wedding ring was given to Ingrid Newlin, and Coulton's other jewelry was divided between Roy and his friend Jean Vernet.  (DE 294 at 28).

Following the evidentiary hearings, the parties each filed post-hearing memorandum and, after additional consideration, the court entered its Report and Recommendation.   (DE 294).   The Report and Recommendation, which was adopted by the district court on May 10, 2013, sanctioned Appellant accordingly for his continued contempt.  (DE 294).   The Appellant filed his notice of appeal on August 27, 2013.  (DE 314).  The instant appeal follows.

## **STANDARD OF REVIEW**

Appellee agrees with Appellant that this Court reviews civil contempt orders of the district court for abuse of discretion and factual findings arising from contempt proceedings under the clearly erroneous standard. *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F. 3d 1539, 1545-46 (11th Cir. 1996); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297 (11th Cir. 1991).

Appellant also agrees with Appellee that the imposition of sanctions by a district court is reviewed for an abuse of discretion. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

## SUMMARY OF THE ARGUMENT

The district court properly denied Appellant's motion to stay the contempt proceedings below insofar as the litigation concerned sanctions imposed by the court on Appellant as a result of his "reprehensible behavior as [an] officer of the court and for the abuse of [his] fiduciary position with respect to [his] client." (DE 294 at 20). Thus, pursuant to 11 U.S.C. § 362(b), the proceedings below were exempted from the automatic stay provisions of 11 U.S.C. § 362(b) as they implicated the district court's regulatory powers over Appellant as an officer of the court.

The district court also quite properly sanctioned Appellant pursuant to its inherent authority because of the Appellant's "willful disregard of the Court's authority resulting in the Court having to expend its efforts and resources unnecessarily, particularly in light of the fact that the Appellant was an attorney practicing before the court. (DE 294 at 35).

## ARGUMENT

### I.    THE DISTRICT COURT PROPERLY DENIED APPELLANT'S MOTION TO STAY THE CONTEMPT PROCEEDINGS BELOW PURSUANT TO 11 U.S.C. § 362(b)

The Appellant suggests that his bankruptcy filing should have garnered him a stay of the court's contempt proceedings. (DE 294 at 18-19). The Appellant is mistaken. Certainly, the filing of a bankruptcy petition generally serves to stay the

11

continuation of any legal proceedings against the debtor that may have commenced prior to the filing of the bankruptcy petition.  11 U.S.C. § 362(a)(1).  However, there are clear exceptions to this rule.  11 U.S.C. § 362 (b).  The automatic stay provisions of the bankruptcy code does not, however, prevent "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce [its] police or regulatory power."  *Griggs v. Gadsden Revenue Department*, 327 Fed. App. 186, 188 (11th Cir. 2009) (citing 11 U.S.C. § 362 (b))).  *See also*, *In re Union Golf of Florida, Inc.*, 242 B.R. 51, 60 (M.D. Fla. 1998).  Indeed, "[t]he exception to the automatic stay . . . recognizes that the government must be able to enforce its laws uniformly without regard to the debtor's position in the bankruptcy court."  *Brock v. Rusco Industries, Inc.*, 842 F. 2d 270, 273 (11th Cir. 1988).  In this regard, the "exemption 'prevent[s] the bankruptcy court from becoming a haven for wrongdoers.'"  *In re Berg*, 230 F.3d 1165, 1167 (9th Cir. 2000) (*quoting O'Brien v. Fischel*, 74 B.R. 546, 550 (D. Haw. 1987).

In *In re Berg*, the Ninth Circuit noted that a majority of courts agreed that "a claimant may proceed to collect attorneys' fees imposed as a sanction for the [attorney] debtor's improper conduct in litigation without regard to the automatic stay."  230 F.3d at 1167-68.  Thus, and adopting the reasoning of several other courts, the *Berg* Court held that "Section 362(b)(4)'s government regulatory

12

exemption acts to exempt from the automatic stay an award of . . . sanction[s] for unprofessional conduct in litigation." *Id*. at 1168 (*citing Maritan v. Todd*, 203 B.R. 740, 741 (N.D. Okla. 1996); *In re Williams*, 158 B.R. 488, 491 (D. Ida. 1993); *O'Brien*, 74 B.R. at 550.

Upon the application of the afore-cited cases to the facts of the instant matter, the court below correctly found the proceedings were "exempted from the automatic stay provisions of the Bankruptcy Code." (DE 294 at 20). In so finding, the court noted that sanctions were imposed on Appellant, "in part, for [his] reprehensible behavior as [an] officer[] of the court and for the abuse of [his] fiduciary position with respect to [his] client." *Id*. Furthermore, the court correctly determined that, insofar as "the Court's Order was predicated, in part, upon 28 U.S.C. § 1927, as well as the Court's inherent powers to vindicate its authority [and] . . . found that . . ., *inter alia*, [the Appellant] had acted in bad faith and had caused the unreasonable and vexatious multiplication of the proceedings," exemption from a stay was appropriate. In fact, and as the Court noted, "[t]o find otherwise would reward wrongful behavior and sly craftsmanship." (DE 294 at 20). Accordingly, and for the reasons set forth, *supra*, the lower court correctly imposed sanctions on the Appellant without regard to his then-pending bankruptcy.

13

## II. THE DISTRICT COURT CORRECTLY SANCTIONED APPELLANT UNDER ITS INHERANT SUPERVISORY POWERS

In sum, the Appellant claims the lower court erred in sanctioning the Appellant because it "failed to take into consideration the [Appellant's" financial consideration." (Appellant's Brief at 17). The Appellant's argument is both incomplete and incorrect.

Because of the Appellant's horribly egregious conduct, he was sanctioned. (DE 196). Following the order imposing sanctions, and despite his knowledge of the variety of monetary and non-monetary sanctions imposed, the Appellant did nothing to comply. (DE 199). Regrettably, Appellant fails to address this simple fact. Indeed, the Appellant fails to even mention the court's finding that he "intentionally disregarded the Order and refused to comply with any of its terms, failed to appear at hearings, and otherwise attempted to thwart the proceedings." (DE 294 at 22). Instead, the Appellant disingenuously suggests to this court in his brief that the district court's sanctions were merely financial. (Appellant's Brief at 16-18). They were not. Indeed, the sanctions included a referral to the United States Attorney for criminal investigation related to financial fraud and perjury, as well as an award of attorney's fees.

Moreover, in adopting the Magistrate's Report and Recommendation, the

14

district court recognized that the Appellant "intentionally ignored various court orders, which ultimately resulted in the issuance of a bench warrant against him, and that he transferred assets to third parties in order to avoid compliance" with the court's order sanctioning him.  (DE 294 at 30-31).  The sanctions imposed were both proper and appropriate.

Without question, the court has both the power and authority to "manage its affairs which necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Malautea v. Suzuki Motor Company*, Ltd., 987 F.2d 1536 (11th Cir. 1993) (*citing Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985)) (citation omitted).  This power also extends to the parties litigating matters before the court.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).  Of course, any party (be they a litigant or attorney) who shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order, may be appropriately sanctioned.  *Hutto v. Finney*, 437 U.S. 678, 689 n. 14, 98 S.Ct. 2565, 57n L.Ed.2d 522 (1978).  Indeed, without this power and authority, "the Court would be unable to manage the expeditious disposition of its docket, enforce its orders, and guard the integrity of its proceedings."  *Bettis v. Toys "R" Us*, 2009 WL 5206192, at *7 (S.D.Fla. Dec. 30, 2009).

15

While the court must exercise its power and authority with restraint, sanctions may be imposed against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when a court finds that a "fraud has been practiced upon it, or that the very temple of justice has been defiled." *Barash v. Kates*, 585 F.Supp.2d 1347, 1364 (S.D. Fla. 2006) (*citing Chambers*, 501 U.S. at 45-46, 11 S.Ct. 2123).   And, when a party's continued violation of a court order requires the opposing party to seek enforcement of the order through a motion for contempt, the resulting attorney's fees and costs may be assessed against the noncomplying party, even if the court ultimately does not hold that party in contempt.   *Wild Cats, Inc. v. Blas*, No. 06-22345, 2007 WL 1545876, at *1 (S.D.Fla. May 29, 2007).   Moreover, a court has broad discretion to award costs incurred by the party seeking a contempt finding, regardless of whether such costs would otherwise be recoverable.   *See Tom James Co. v. Morgan*, 141 F. App'x 894, 900 (11th Cir. 2005).

Accordingly, the sanctions imposed on the Appellant by the court were quite proper.   The sanctions were clearly within the permissible scope of sanctions the court is empowered to impose and were based on the Appellant's "wilfull disregard of the Court's authority resulting in the Court having to expend its efforts and resources unnecessarily . . . ."   (DE 294 at 35).

16

## CONCLUSION

**WHEREFORE**, Appellee, Patrick Coulton, respectfully requests that this Honorable Court affirm the order imposing sanctions.

Respectfully submitted,

s:// Paul D. Petruzzi,
PAUL PETRUZZI, ESQ.
305-373-6773 (office)
E-mail: petruzzi-law@msn.com

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this brief complies with the type-volume limitation.  According to the Word program on which this is written, the numbered pages this brief contains is 5,236.

S://  PAUL PETRUZZI
PAUL PETRUZZI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 23rd day of December via email, CM/ECF, and U.S. Mail to the Assistant United States Attorney assigned to this matter and Richard F. Della Fera, Esq., Trial and Appellate Counsel for Appellant.

S://  PAUL PETRUZZI
PAUL PETRUZZI

17