IN THE
UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,　　　　　CASE NO.: 13-13871-F
　　　　　　　　　　　　　　　　　　　　　LT No.: 07-CR-60172-JAL
vs.

PATRICK COULTON

vs.

EMMANUEL ROY,

　　　　Appellant.
_____/

_____
ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

# REPLY BRIEF OF THE APPELLANT
_____

　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　ENTIN & DELLA FERA,  P.A.
　　　　　　　　　　　　　　110 Tower, Suite 1970
　　　　　　　　　　　　　　110 Southeast Sixth Street
　　　　　　　　　　　　　　Fort Lauderdale, FL 33301
　　　　　　　　　　　　　　Telephone:  (954) 761-7201

　　　　　　　　　　　　　　RICHARD F. DELLA FERA
　　　　　　　　　　　　　　Florida Bar No. 066710
　　　　　　　　　　　　　　Attorney for Appellant

## **CERTIFICATE OF TYPE SIZE AND STYLE**

Appellant hereby certifies that this brief is presented in 14 point Times New Roman type.

# **TABLE OF CONTENTS**

| | |
|---|---|
| CERTIFICATE OF TYPE SIZE AND STYLE | ii |
| TABLE OF CONTENTS | iii |
| TABLE OF CITATIONS | iv |
| ARGUMENT | |
| I.  THE DISTRICT COURT ERRED IN DENYING ROY'S MOTION TO STAY THE PROCEEDINGS IN DIRECT VIOLATION OF 11 U.S.C. § 362(a). | 1 |
| II.  THE DISTRICT COURT ERRED IN IMPOSING SANCTIONS AGAINST ROY PURSUANT TO ITS INHERENT POWERS TO VINDICATE ITS AUTHORITY | 4 |
| CONCLUSION | 7 |
| CERTIFICATE OF SERVICE | 8 |
| CERTIFICATE OF WORD COUNT | 8 |

# **TABLE OF CITATIONS**

**Cases**                                                                                          **Page**

*Baker v. Alderman*, 158 F.3d 516 (11th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Campos v. City of Naples*, 202 Fed. Appx. 381, (11th Cir. 2006). . . . . . . . . . . . . . 4

*Chambers v. NASCO*, 501 U.S. 32, 111 S. Ct. 2123 (1991). . . . . . . . . . . . . . . . . . . 4

*In re Berg*, 230 F.3d 1165 (9th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Goodman*, 277 B.R. 839 (Bankr. M.D. Ga. 2001). . . . . . . . . . . . . . . . . . . . . 4

*In re Long*, 318 Fed. Appx 891 (Fed. Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*In re Wright*, 75 B.R. 414 (Bankr. M.D. Fla. 1987). . . . . . . . . . . . . . . . . . . . . . . . 1

*J4 Promotions, Inc. v. Splash Dogs, LLC*, 2010 U.S. Dist LEXIS 60590 (S.D. Ohio May 25, 2010) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*J.G. v. Carnival Corp.,* 2013 U.S. Dist. LEXIS 149494 20 (S.D. Fla. Oct. 17, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Martin v. Automobili Lamborghini Excl, Inc.*, 307 F.3d 1332 (11th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rogers v. Overstreet (In the Matter of Rogers)*, 164 B.R. 382, (Bankr. N.D. Ga. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Serra Chevrolet, Inc., v. General Motors Corp.,* 446 F.3d 1137 (11th Cir. 2006). . 2

**Other Authorities**                                                                              **Page**

11 U.S.C. § 362 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

11 U.S.C. § 362 (b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

11 U.S.C. § 362 (b)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT**

I. **THE DISTRICT COURT ERRED IN DENYING ROY'S MOTION TO STAY THE PROCEEDINGS IN DIRECT VIOLATION OF 11 U.S.C. § 362(a).**

The lower court erred in imposing sanctions against Roy in violation of the automatic stay provisions of the United States Bankruptcy Code. In his Brief, Patrick Coulton ("Coulton") argues the automatic stay provisions of the bankruptcy code does not prevent "the commencement or continuation of an action or proceeding by a governmental unit ... to enforce [its] police or regulatory power." (Brief at 12)(citing 11 U.S.C. § 362(b)). Although Coulton is correct that criminal proceedings generally are allowed to proceed after the filing of a bankruptcy petition, the proceeding in the case before the lower court was civil in nature and, consequently, subject to the automatic stay. "A civil contempt order is compensatory and coercive whereas a criminal contempt order is punitive. Whether the award directly serves the complainant rather than public interest and whether the contemnor may control the extent of the award are relevant distinctions between civil and criminal contempt." *In re Wright*, 75 B.R. 414 (Bankr. M.D. Fla. 1987). Civil contempt proceedings are instituted primarily on the motion of the plaintiff and are part of the underlying action. Further, "sanctions designed to compensate one party for expenses incurred due to the

1

opposing party's misconduct is in the nature of civil contempt." *Serra Chevrolet, Inc. V. General Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006).

Relying on the Ninth Circuit case of *In re Berg*, 230 F.3d 1165 (9th Cir. 2000), Coulton argues that the proceeding below was exempted from the automatic stay provisions of the Bankruptcy Code. (Brief at 13). The *Berg* decision, Roy continues to submit, was narrowly decided and has no application to the present case. In *Berg*, the debtor filed a bankruptcy petition to avoid a contempt sanction for improper conduct after filing a frivolous appeal under Federal Rule of Appellate Procedure 38. *Id*. The issue before the court in *Berg* was whether the government regulatory exemption applied to an award of sanctions for frivolous conduct in litigation. *Id*. at 1167. In rendering its opinion, the court specifically found that "§ 362(b)(4)'s government regulatory exemption exempt from the automatic stay an award of attorney's fees imposed under Rule 38 as a sanction for unprofessional conduct in litigation." *Id*. The *Berg* decision is factually dissimilar and as such, distinguishable.

Coulton, however, fails to acknowledge the cases cited by Roy that are, in fact, relevant. In *In re Long*, 318 Fed. Appx. 891, 893-94 (Fed. Cir. 2008), the Court of Appeals for the Federal Circuit reversed an award of attorney's fees imposed in connection with a judgment creditor's motion to compel discovery after the judgment debtor had filed a bankruptcy petition. In *J4 Promotions, Inc. v. Splash Dogs, LLC*,

2

2010 U.S. Dist. LEXIS 60590 *21 (S.D. Ohio May 25, 2010), the court declined to impose sanctions in violation of an automatic stay, noting that the automatic stay precludes the continuation of contempt sanctions and the only exceptions generally have arisen in the context of the filing of frivolous lawsuits or appeals. Roy has not been accused of either.

In this case, the litigation below was not initiated by the government, but rather Coulton, a private party, and its purpose was not to advance any interests of the government. Moreover, the sanctions imposed by the district court were not pursuant to Rule 38, but rather the court's inherent power to vindicate its authority. [D.E. 294 at 35]. As a result, the exceptions set forth in 11 U.S.C. § 362(b) are inapplicable. Roy submits the district court was similarly bound by 11 U.S.C. § 362(a) and thus, the sanctions imposed were in violation of the automatic stay.

As stated by Roy (and not disputed by Coulton), even if this Court were to accept the proposition that the proceeding below was based upon Roy's disregard for the authority of the Court, the warrant issued by the district court was issued to assist in enforcing the judgment lodged against Roy, which was subject to the automatic stay. *Rogers v. Overstreet (In the Matter of Rogers)*, 164 B.R. 382, 391-92 (Bankr. N.D. Ga. 1994). These purposes were and remain inextricably intertwined and cannot be severed. Thus, even if a warrant was based on a debtor's disrespect of a court

3

order, it is still subject to the automatic stay when it is also being used as a collection device. *See In re Goodman*, 277 B.R. 839 (Bankr. M.D. Ga. 2001).

For the aforementioned reasons, the district court erred in imposing contempt sanctions against Roy in violation of the automatic stay as a result of Roy's New York bankruptcy filing. As such, the district court's imposition of sanctions must be vacated.

## II. THE DISTRICT COURT ERRED IN IMPOSING SANCTIONS AGAINST ROY PURSUANT TO ITS INHERENT POWERS TO VINDICATE ITS AUTHORITY.

The lower court erred in its imposition of sanctions under its inherent powers. Coulton appears to believe that Roy's "horribly egregious conduct" warranted sanctions, despite the manner in which those sanctions were imposed. (Brief at 14). Notwithstanding Coulton's assertion, the award of sanctions under the court's inherent power must "comply with the mandates of due process." *Campos v. City of Naples*, 202 Fed. Appx. 381, 385 (11th Cir. 2006) (citing *Chambers v. NASCO*, 501 U.S. 32, 49-50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

The Eleventh Circuit "has stated that '[t]he law... is clear that ability to pay should be considered...' in determining the amount of any award of sanctions under the Court's inherent powers." *J.G. v. Carnival Corp.*, 2013 U.S. Dist. LEXIS 149494

4

*20 (S.D. Fla. Oct. 17, 2013) (citing *Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir. 1998)). Although the court's inherent authority "includes the authority to impose 'reasonable and appropriate' sanctions," sanction orders cannot involve amounts that fly in the face of common sense in relation to the financial circumstances of the party being sanctioned. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335-37 (11th Cir. 2002)(citing *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993)). "And, sanctions must never be hollow gestures; their bite must be real. For the bite to be real, it has to be a sum that the person might actually pay. A sanction which a party clearly cannot pay does not vindicate the court's authority because it neither punishes nor deters." *Id*. Here, the Final Judgment on Attorney's Fees and Costs imposed the sum of $85,842.50 in attorney's fees and $11,974.48 in costs, both jointly and severally against Roy and Peter Mayas. [D.E. 313]. This sanction amount is certainly a "hollow gesture" that neither deters the alleged behavior nor vindicates the court's inherent authority.

In *Martin*, the district court imposed sanctions in excess of one million dollars in accordance with its inherent power *after* considering the defendants' combined ability to pay the sanctions. 307 F.3d at 1337. After reviewing the record, the Court noted that Defendant Martin revealed a net worth of $32,300.00 and a gross income of $43,700.00. *Id*. It was doubtful, this Court found, that he had the ability to pay the

5

sanction amount, or even his proportionate share of the sanction. *Id*. This Court vacated the lower court's order "imposing the sanctions jointly and severally against [the defendants], and remand[ed] for the district court to assess the amount of sanctions against each [defendant] as appropriate in the light of his individual resources." *Id*. at 1337-38.

Understandably, Coulton does not even attempt to address the district court's failure to consider Roy's financial situation prior to its imposition of sanctions. This is likely an intended omission because it is an error he cannot overcome. During the course of the proceedings below, Roy testified under oath that he was "penniless." [D.E. 253 at 15]. During the final hearing on Coulton's Motion for Contempt, Roy asserted he was unable to comply with the court's September 16, 2011 Order, and Coulton could not overcome his burden to prove otherwise. [D.E. 279]. In its R&R, the court agreed "albeit reluctantly, that none of the testimony elicited by Coulton established conclusively that Roy had the present ability to comply with the financial obligations of the Court's September 16, 2011 Order." [D.E. 294 at 29]. Based on the lower court's own factual determinations, it could not impose sanctions against Roy pursuant to its inherent powers.

The filing of a Petition for Bankruptcy provided further evidence of the state of Roy's financial affairs, as did the testimony elicited throughout the duration of the

6

proceedings below.  Because the district court's sanction order involved an amount that flew "in the face of common sense in relation to the financial circumstances" of Roy, the order imposing sanctions must be vacated and the case remanded.

## CONCLUSION

**WHEREFORE**, Appellant, EMMANUEL ROY, respectfully requests that this Court vacate the order imposing sanctions and remand for further proceedings.

Respectfully Submitted,

Richard Della Fera, Esquire
110 SE 6th Street, Suite 1970
Ft. Lauderdale, Florida 33301
Phone: 954-761-7201
Facsimile: 954-764-2443
Richard@entinlaw.com

By: */s/ Richard F. Della Fera*
    Richard Della Fera, Esquire
    Florida Bar No. 066710

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing to all counsel of record, and deposited a copy of the foregoing by United States mail, with adequate postage thereon, to Kathleen Salyer, Esquire, United States Attorneys Office, 99 NE 4th Street, Miami, Florida, 33132 and Paul Dominic Petruzzi, Esquire, Alfred I. Dupont Building, 169 East Flagler Street, Suite 1241, Miami, Florida 33131.

                                              */s/ Richard Della Fera*

## CERTIFICATE OF WORD COUNT

I certify that this reply brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B)(I). This brief contains 1522 words.

                                              */s/ Richard Della Fera*